# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS MCCLINTOCK, individually and as parent and next friend of R M, minor child, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 09-CV-0432-CVE-FHM |
| | ) |
| COFFEYVILLE RESOURCES, LLC, COFFEYVILLE ACQUISITIONS, LLC, CVR ENERGY, INC., COFFEYVILLE NITROGEN FERTILIZERS, INC., COFFEYVILLE REFINING AND MARKETING, INC., COFFEYVILLE RESOURCES CRUDE TRANSPORTATION, LLC, COFFEYVILLE RESOURCES TERMINAL, LLC, and COFFEYVILLE RESOURCES PIPELINE, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Coffeyville Resources, LLC's (CR) motion to dismiss (Dkt. # 32), Coffeyville Acquisition LLC's (CA) motion to dismiss (Dkt. # 33), and plaintiff McClintock's Unopposed Motion for Leave to Amend (Dkt. # 46). This Court issued an Opinion and Order (Dkt. # 46) taking McClintock's motion under advisement pending his response to CR and CA's motions to dismiss. McClintock then filed a response to the motions to dismiss (Dkt. # 47) and CR and CA filed a reply (Dkt. # 48).

CR and CA move for dismissal because they were never properly served. McClintock filed a complaint in this Court on July 6, 2009. Dkt. # 2. On November 2, 2009, McClintock attempted to serve CR by delivering a summons to The Corporation Company. Dkt. # 19. The same day, The

Corporation Company sent McClintock's counsel a letter informing him that it was not an agent for CR. The letter stated that Corporation Service Company was listed as CR's agent by the state.[1] Dkt. # 32-2. McClintock did not attempt additional service on CR.

On November 3, 2009, McClintock sent a summons to CA's proper registered agent, The Corporation Trust Company, but attached a copy of a complaint from an unrelated matter. Dkt. # 32-2. On December 7, 2009, 154 days after the complaint was filed, CR and CA moved to dismiss because they were not properly served. Dkt. ## 32, 33.

> Pursuant to the Federal Rules of Civil Procedure:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a defendant has not been served within 120 days after the complaint is filed, "[t]he preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to effect timely service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown, the court must extend the time for service. Fed. R. Civ. P. 4(m). If good cause is not shown, the court must consider whether the plaintiff "should be afforded a permissive extension of time." Espinoza, 52 F.3d at 841.

In this case, it is undisputed that McClintock failed to properly serve CR and CA within 120 days after the complaint was filed. McClintock argues that these failures were "inadvertent oversights," and that the failure to serve CR was "clearly an honest mistake." Dkt. # 47, at 3.

---

[1] McClintock successfully served several defendants through Corporation Service Company. However, McClintock also successfully served CVR Energy, Inc. through The Corporation Company (Dkt. # 13).

2

McClintock argues that CR and CA had constructive notice of the suit and cannot have been prejudiced by his failure to properly serve them. Id. at 4-6. McClintock also argues that the statute of limitations would bar re-filing of his claims against CR and CA. Id. at 6.

In order to show good cause under Rule 4(m), a plaintiff must demonstrate that he has been "meticulous in [his] efforts to comply with the Rule."[2] Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). McClintock has not made such a showing in this case. Defendants' alleged actual notice or the expiration of the statute of limitations cannot not establish good cause; the focus of the inquiry is on the reasons for the plaintiff's failure, not the prejudice to the parties. Id. at 1439. McClintock provided no reason to excuse his failure to effect service on CR after being informed that it sent the summons to the wrong process agent. This is not a case where the plaintiff diligently attempted to serve a defendant who evaded service. Cf. Fin. Instr. Gp., Ltd. v. Leung 30 Fed. App'x 915, 917 (10th Cir. 2002) (unpublished)[3] (finding good cause where the defendant tried to avoid service). Here, McClintock was made aware of his mistake regarding CR and failed to even attempt to remedy it. Further, McClintock's inadvertent attachment of the wrong complaint to the summons served on CA does not demonstrate meticulousness; it demonstrates carelessness. Therefore, McClintock has not shown good cause for his failure to timely serve CR and CA.

---

[2]   Despain addressed the good cause provision of Rule 4(m)'s predecessor, Rule 4(j). The Tenth Circuit has stated that "cases that interpret Rule 4(j) remain unaffected insofar as they provide guidance in determining whether good cause has been shown" under Rule 4(m). Espinoza, 52 F.3d at 841.

[3]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Because the Court finds that McClintock has not demonstrated good cause that would require an extension of time under Fed. R. Civ. P. 4(m), the Court must determine whether he should be granted a permissive extension. Espinoza, 52 F.3d at 841. Several factors counsel in favor of granting an extension in this case. CR and CA had actual notice of the lawsuit. CR and CA are associated with the properly-served defendants in this case. For example, CA owns thirty-six percent of CVR Energy, Inc., Dkt. # 22, which is a parent company of several defendants. Dkt. ## 24-28. CR is also a parent company of several defendants. Dkt. ## 26-28. CR and CA are represented by the same counsel as the properly-served defendants. CR and CA have not argued that they would be prejudiced by an extension of time for service in this case, and the Court finds that they would not be. McClintock argues that he would be prejudiced because the statute of limitations on his claims has expired since his first complaint was filed. Dkt. # 47, at 6. However, Oklahoma's savings statute, OKLA. STAT. tit. 12, § 100, would allow McClintock an additional year to re-file his claims. The interests of judicial economy would not be served by dismissing two defendants in the instant case, only to have the claims against them re-filed. For these reasons, the Court will allow McClintock additional time to properly serve CR and CA.

McClintock has also filed an unopposed motion for leave to amend his complaint (Dkt. # 45). McClintock seeks to amend his complaint to "more clearly define the [d]efendants named in this action." Dkt. # 45, at 1. Defendants do not object to the proposed amendments. For good cause shown, the Court finds that this motion should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's Unopposed Motion for Leave to Amend (Dkt. # 45) is **granted**. Plaintiff may file an amended complaint no later than **January 25, 2010.**

**IT IS FURTHER ORDERED** that Coffeyville Resources, LLC's motion to dismiss (Dkt. # 32) and Coffeyville Acquisition LLC's motion to dismiss (Dkt. # 33) are **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall serve Coffeyville Resources, LLC and Coffeyville Acquisition LLC with a copy of the amended complaint no later than **February 4, 2010.** Such service shall comply with the requirements of Fed. R. Civ. P. 4.

**DATED** this 20th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5