UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TRAVIS MCCLINTOCK, Individually** ) <br> **and as Parent and Next Friend of R.M.,** ) <br> **minor child** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **COFFEYVILLE RESOURCES, LLC;** ) <br> **COFFEYVILLE RESOURCES REFINING** ) <br> **AND MARKETING, LLC;** ) <br> **COFFEYVILLE RESOURCES NITROGEN** ) <br> **FERTILIZERS, LLC;** ) <br> **COFFEYVILLE REFINING AND** ) <br> **MARKETING, INC.;** ) <br> **COFFEYVILLE ACQUISITIONS, LLC;** ) <br> **CVR ENERGY, INC.,** ) <br> ) <br> **Defendants.** ) | Case No. 09-CV-0432-CVE-FHM |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Reconsider (Dkt. # 71), which seeks reconsideration of an order denying the motion to extend all scheduling order dates by 120 days. Dkt. # 64.

On September 3, 2010, plaintiff filed a motion seeking an extension of the scheduling order dates. Dkt. # 60. Plaintiff cited the work and travel schedule of plaintiff's counsel as the basis for the extension. Id. at 1. Defendants opposed the motion, arguing that plaintiff had failed to comply with procedural requirements governing the extension of scheduling orders under federal and local rules, that no good cause for extension had been shown, and that an extension of deadlines would prejudice them by increasing their litigation costs. Dkt. # 63. This Court found that plaintiff had failed to make the requisite showing of diligence in attempting to comply with the scheduling order,

and that, therefore, no good cause existed to extend the deadlines. Dkt. # 64. Plaintiff now asks this Court to reconsider.

Plaintiff cites to Federal Rule of Civil Procedure 59(e) as the basis for his motion. However, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" Ysais v. Richardson, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Where, as here, the decision that a court is asked to reconsider is not a final order or judgment, courts analyze a motion to reconsider under Fed. R. Civ. P. 54(b). See Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); Nalley v. Dunn, 2010 WL 3008780, at * 1 (N.D. Okla. July 26, 2010). In this analysis, a court may call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). Although plaintiff does not address the standard of review used in a motion to reconsider, his argument that he has made the requisite showing for an extension of deadlines implies that this Court should review its prior decision de novo. Dkt. # 71, at 3; Dkt. # 75, at 3-5. However, the Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. Thus, a motion to reconsider, like a motion to alter or amend judgment, will be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).

In support of his motion, plaintiff abandons the statement made in his original request for extension that his inability to comply with scheduling order deadlines was based on counsel's work and travel schedule. Instead, he now states that the failure to comply was due to his health

2

condition, which "responds with crippling severity at even small increases in the stress levels to which he is subjected." Dkt. # 71, at 3, 5. As a result, plaintiff's counsel has, "in addition to his own medical and professional obstacles and deadlines, a client faced with debilitating conditions which prevent or delay even the most modest communication." Id. The health issues of plaintiff and their negative impacts on the ability of counsel to represent him are further discussed in plaintiff's reply. Dkt. # 75. The reply also presents yet another excuse for noncompliance with the scheduling order, stating that plaintiff's failure to meet deadlines resulted from a decision made in reliance on defendants' agreement in July 2010 to an extension of the scheduling order dates. Id. at 3-4. Although plaintiff's counsel waited until September 2010 to request the extension – until, he says, plaintiff or someone in plaintiff's family was able to communicate with counsel regarding the motion for an extension – he argues that defendants were on notice that he would make such a request and that he was justified in relying on their consent. Id. Finally, he argues that while plaintiff will be severely prejudiced by a failure to extend the deadlines, defendants will face no such harm, and the Court should therefore exercise its discretion to extend the scheduling order to avoid "manifest injustice" to plaintiff that will otherwise occur. Id. at 5. Defendants oppose the motion to reconsider, arguing that plaintiff has not demonstrated an appropriate basis for reconsideration, that they have met all of the deadlines required of them, and that any extension would cause them harm. Dkt. # 73.

The motion to reconsider fails on each of its three possible bases. First, plaintiff's motion does not cite the proper controlling law for a motion to reconsider, let alone draw the Court's attention to any intervening change in law that may have impacted the outcome of the motion for extension. Second, evidence in the motion to reconsider regarding plaintiff's inability to meet

3

deadlines was not previously unavailable. Plaintiff states that his decision to request an extension of time for the scheduling order deadlines was made as early as July 2010. Dkt. # 75, at 3-4. The other factors he now relies on as support for extension, including defendants' consent, plaintiff's illness, counsel's inability to contact plaintiff, and other facts potentially relevant to a finding of good cause on a motion for extension of deadlines were also known to plaintiff at the time of his filing on September 3, 2010. However, instead of justifying his request for an extension with those facts, the motion cited only plaintiff's counsel's work and travel schedule. Dkt. # 60, at 1. A motion for reconsideration is "not appropriate to . . . advance arguments that could have been raised in prior briefing." Servants, 204 F.3d at 1012. Thus, the Court is now unwilling and, under the proper standard of review, unable to consider reasons for an extension known at the time of the original motion but not related to the Court.

Finally, plaintiff's argument that reconsideration will prevent "clear error or manifest injustice" is also unavailing. While the Court is sympathetic to the suffering of plaintiff described in his briefs, it has already weighed his interest in an extension of deadlines against defendants' opposition, and found in favor of the latter. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See id. at 1009. Plaintiff has been given numerous opportunities to comply with the Court's scheduling order, including permission to amend his complaint, multiple extensions of filing deadlines, and his latest chance, on September 3, 2010, to place all relevant evidence before this Court in furtherance of his request for an extension. Each time, he has failed to do so. It is unclear whether it is plaintiff or plaintiff's

4

counsel who is to blame for the failure to proceed with the case,[1] as the briefs describe difficulties faced by both in complying with court deadlines. Dkt. # 71, at 4-5; Dkt. # 73. Wherever the blame is rightfully placed, however, it does not lie with the defendants, who have met all deadlines with which it was necessary for them to comply.[2] Thus, subjecting defendants to additional time and expense defending against plaintiff's claims would be unjust. Although the Court's refusal to reconsider its order will almost certainly be detrimental to plaintiff's case, that detriment is the penalty dictated for failure to comply with deadlines or put before the Court all relevant information in a motion for an extension of those deadlines. The Court does not find that a denial of plaintiff's motion to reconsider will result in manifest injustice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider (Dkt. # 71) is **denied.**

**DATED** this 12th day of October, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The issue of apportioning blame is not relevant to this Court's decision. Courts ought to avoid punishing clients for errors attributable solely to counsel, and will try to tailor any judicial remedy to impact the party at fault. Here, however, the failure to meet deadlines in this case appears to be a conscious decision rather than mere inadvertence. At that point, "the conduct of the lawyer and client can no longer be viewed as discrete[] . . . the lawyer represents his client and the client is bound by that representation." Smith v. United States, 834 F.2d 166, 171 (10th Cir. 1987). Thus, this Court does not find that denial of the motion for reconsideration would unduly penalize either plaintiff or plaintiff's counsel over the other.

[2] The Court finds unpersuasive plaintiff's argument that defendants should have been bound by their alleged agreement to consent to a scheduling order extension made in July 2010. First, plaintiff's motion was not filed for nearly two months, at which point defendants' interest in the litigation may have shifted. More importantly, the issue of this agreement was known to plaintiff at the time of its motion for an extension. However, it was never presented to the Court at the time it would have been most relevant, during its consideration of plaintiff's motion and the underlying inquiry into good cause for extension based on plaintiff's diligence.